804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Mark RUSS, Appellant.
 No. 86-5521.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Nov. 6, 1986.
 
 Lisa B. Kemler (William B. Moffitt; Thomas Rawles Jones, Jr.; Moffitt & Jones, on brief), for appellant.
 Kenneth E. Melson, First Assistant U.S. Attorney (Henry E. Hudson, U.S. Attorney; Karen P. Tandy, Assistant U.S. Attorney, on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Russ appeals his conviction for possession of heroin, a misdemeanor for which he was sentenced to twelve months imprisonment. We affirm.
 
 
 2
 The appellant, Mark Russ, worked as a prison guard at Lorton State Penitentiary. During his employment at Lorton, another guard at the prison introduced Russ to cocaine. In late 1983, Russ met Linda White in the penitentiary parking lot where she was waiting for a friend. Unknown to Russ, White periodically worked as a paid informant for the Drug Enforcement Administration. Russ initiated a relationship with White and began visiting her at her home. During these visits, Russ supplied cocaine which he and White both used. Shortly after their first meeting, Russ and White began having sexual relations.
 
 
 3
 In May or June of 1984, White introduced Russ to undercover DEA agent Olivia Adams. Thereafter, on several occasions, Adams gave Russ money to buy cocaine for her from his various sources. White was not involved in these transactions. On November 14, 1984, agent Adams arranged a "controlled buy" in which Russ delivered cocaine to a Lorton inmate. Russ contended that his involvement with White led him to cooperate with Adams.
 
 
 4
 In January, 1985, Russ introduced agent Adams to Bernard Harris, a fellow guard who provided Russ with cocaine. Thereafter, the DEA's investigation focused on Harris. Russ and Harris were arrested on May 7, 1985, at Lorton on drug conspiracy charges. While he was in a holding cell, nine packages of heroin were discovered in Russ' boot. He had not seen informant White for three or four weeks before his arrest. At trial, Russ offered into evidence the results of a pretrial I.Q. test that showed him to be mentally deficient. The jury found Russ guilty of simple possession of heroin.
 
 
 5
 Appellant now claims that governmental misconduct requires a reversal of his conviction. In support of this argument, he relies on U.S. v. Russell, 411 U.S. 423, 431-32 (1973), where the Court acknowledged that it "may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from involving judicial processes to obtain a conviction." According to Russ, the government's use of an informant to ply a mentally retarded man with sex and drugs as part of a criminal investigation constitutes just such outrageous conduct.
 
 
 6
 Appellant's due process claim is unpersuasive. The DEA did not sponsor or in any way encourage the informant's conduct. Further, the government's misconduct, if any, bore no relationship to the crime for which appellant was convicted. Russ and the informant used cocaine together, but Russ' conviction was for possession of heroin. He does not contend that the informant supplied him with the heroin.
 
 
 7
 Moreover, a review of the evidentiary hearing on the due process claim supports the district court's conclusion that appellant was not an unwitting victim of an unscrupulous government investigation. The court found that appellant first used marijuana at the age of 14, that a fellow prison guard, not the informant, introduced him to cocaine, and that he was already quite addicted to cocaine when he met the informant. In addition, there was testimony that it was Russ who initially approached the informant, who brought cocaine to the informant's residence, and that it was Russ who taught White to free-base.
 
 
 8
 Appellant likewise argued the question of entrapment before the jury and had every opportunity to impeach and cross-examine informant White. In addition, the jury received an instruction on entrapment to which appellant does not take exception. The jury returned a verdict of conviction on the possessory offense. For the reasons stated above, there is substantial evidence to support the jury's verdict, and the judgment of conviction is
 
 
 9
 AFFIRMED.